UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

      Plaintiff,                                     Civil No. 26-cv-10768
                                              Hon. Matthew F. Leitman

v.

UNIVERSITY OF MICHIGAN, *et al.*,

      Defendants.
_____/

## ORDER (1) DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER TO THE EXTENT IT SEEKS EX PARTE RELIEF AND (2) DIRECTING PLAINTIFF TO SERVE COMPLAINT AND MOTION ON DEFENDANTS

On March 6, 2026, Plaintiff John Doe filed this action against the University of Michigan and others. (*See* Compl., ECF No. 1.)  Doe says that he "is an ungraduated student who, until February 19, 2026, was enrolled in the Bachelor of Business Administration program in the Ross School of Business at the University of Michigan." (*Id.*, PageID.2.)  Doe further claims that he has been suspended from the University and that that suspension is wrongful and violates his constitutional rights and his rights under various federal and state laws. (*See generally id.*)

Doe has also filed a motion for an *ex parte* temporary restraining order. (*See* Mot., ECF No. 2.)  In that motion, Doe seeks reinstatement to the University while this action is pending. (*See id.*)  To the extent that Doe seeks *ex parte* relief before

1

his Complaint and motion are served on the Defendants, his motion is **DENIED** because he has not shown an entitlement to *ex parte* relief.

Under Federal Rule of Civil Procedure 65(b)(1), a court may issue "a temporary restraining order without written or oral notice to the adverse party" only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) the moving party certifies "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. Proc. 65(b)(1)(A)-(B).

Doe has neither attempted to nor satisfied these requirements. His Complaint is not verified, and he has not submitted an affidavit that "clearly show[s] that immediate and irreparable injury, loss, or damage will result" if the Defendants are notified of his motion. Finally, Doe has not explained why such notice should not be required here. Under these circumstances, to the extent that Doe seeks *ex parte* relief, his motion is **DENIED**. Doe shall serve his Complaint and motion on the Defendants and shall file a Certificate of Service on the docket of this case once he does so. Once Defendants are served as set forth above, the Court will promptly schedule a status conference to discuss Doe's pending motion.

**IT IS SO ORDERED**.

Dated: March 9, 2026

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Case 2:26-cv-10768-MFL-APP ECF No. 3, PageID.79 Filed 03/09/26 Page 3 of 3

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 9, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126

3