UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOHN DOE,** <br><br> Plaintiff, <br><br> vs. <br><br> **UNIVERSITY OF MICHIGAN et al,** <br><br> Defendants. | **2:26-CV-10768-TGB-KGA** <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH SUBPOENAS AND PRECLUDE AND/OR LIMIT THE TESTIMONY OF PLAINTIFF'S WITNESSES AT PRELIMINARY INJUNCTION HEARING** <br><br> **(ECF NO. 47).** |

Plaintiff John Doe brings this action pursuant to 42 U.S.C. § 1983 against Defendants, including the University of Michigan (the "University"), where he is a student, alleging violations of his Fourteenth Amendment procedural due process rights. ECF No. 7. Plaintiff has filed a Motion for a Preliminary Injunction. ECF No. 15. The Court scheduled a hearing on the matter for April 10, 2026.

On April 3, 2026, Plaintiff filed a list of witnesses that he intended to call at the hearing on the Motion for a Preliminary Injunction. ECF No. 45. The list of witnesses included Jane Doe, the individual who had filed a complaint alleging that Plaintiff had committed a non-consensual sexual act against her (the "Complainant") on October 10, 2024, Carly

Hadaway, the Complainant's roommate, Isaac Davis and Grant Wu, Plaintiff's roommates, Todd Eby, a polygraph examiner and former police officer, Bethany Atwell, a mental health therapist, and Dr. Gerald Shiener, a forensic psychiatrist. *Id.* at PageID.973.[1]

On April 8, 2026, Defendants filed a "Motion to Quash Subpoenas and Preclude and/or Limit the Testimony of Plaintiff's Witnesses at Preliminary Injunction Hearing." ECF No. 47. Specifically, Defendants moved to quash the subpoenas served on Complainant and Carly Hadaway, "[p]reclude[e] testimony by Complainant, Hadaway, Isaac Davis, and Grant Wu, Todd Eby, Bethany Atwell, and Dr. Gerald Shiener," and "[l]imit[] witness testimony to Plaintiff's efforts to demonstrate the applicable preliminary injunction factors and preclud[e] testimony that seeks to relitigate the underlying sexual misconduct hearing that led to Plaintiff's suspension." *Id.* at PageID.978.

On April 9, 2026, Plaintiff filed a response to Defendants' motion. ECF No. 47.

On the same date, the Court held a hearing on Defendants' motion.

---

[1] Neither Plaintiff's Preliminary Injunction Hearing Witness List, ECF No. 45, nor Plaintiff's Response to Defendants' Motion to Quash, ECF No. 49, provide any information as to who Eby, Atwell, Dr. Shiener are, or what Plaintiff's purpose in calling them as witnesses is. Thus, the Court relies on Defendants' Motion to Quash, ECF No. 47, and representations made by Plaintiff's counsel during the April 9, 2026 motion hearing.

For the following reasons, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.    LEGAL BACKGROUND

"[A] preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, some district courts in this Circuit have held that "the Federal Rules of Evidence generally do not apply to preliminary injunction hearings." *Damon's Restaurants, Inc. v. Eileen K Inc.*, 461 F. Supp. 2d 607, 620 (S.D. Ohio 2006); *compare In re DeLorean Motor Co.*, 755 F.2d 1223, 1230 n.4 (6th Cir. 1985) ("The parties assume that the Federal Rules of Evidence are fully applicable to a hearing on a motion for summary judgment. We express no opinion on this question.").

Accordingly, district courts have held that while "[a]n expert witness is generally prohibited from testifying on issues of law … this prohibition is not applicable where the court is sitting as both a trier of fact and law" on a motion for a preliminary injunction *Miller v. City of Cincinnati*, 709 F. Supp. 2d 605, 619–20 (S.D. Ohio 2008) (citing cases), *aff'd*, 622 F.3d 524 (6th Cir. 2010). Thus, Federal Rule of Evidence 702 "has no application where the court sits as both trier of fact and law." *Id.* at 620.

Similarly, "[Federal] Rule [of Evidence] 403 has no application where the court sits as both trier of fact and law." *Id.* Thus, even when the relevance of information is questionable, a court need not exclude it under Federal Rule of Evidence 403. *Id.* Instead, because the Court is well positioned to discard or give no weight to evidence that is not relevant to the issue at hand exclusion is not crucial.

However, although the Federal Rules of Evidence may not apply with full force when the court sits as both trier of fact and law, it is not because otherwise inadmissible evidence is considered admissible. Instead, the court *is expected to ignore inadmissible evidence. See Harris v. Rivera*, 454 U.S. 339, 346 (1981) ("In bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions."). Thus, although Federal Rule of Evidence 702 may not apply to a hearing on a motion for a preliminary injunction, the court must still "disregard the implication of any impermissible legal conclusion." *Miller*, 709 F. Supp. 2d at 620.

District courts also "have the inherent authority to manage their … courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Thus, courts routinely limit testimony during a bench trial after a determination "that the subject testimony was inadmissible and, therefore, the court would not have considered or relied upon it to reach its verdict." *Rasul v. Scott*, No.

4

17-632, 2018 WL 10195817, at *11 (N.D. Ohio Oct. 30, 2018), *adopted,*
*Rasul v. Gray,* No. 17-632, 2019 WL 4854758 (N.D. Ohio Oct. 2, 2019).

## II.   DISCUSSION

Defendants have moved to quash the subpoenas served on
Complainant and Carly Hadaway, "[p]reclude[e] testimony by
Complainant, Hadaway, Isaac Davis, and Grant Wu, Todd Eby, Bethany
Atwell, and Dr. Gerald Shiener," and "[l]imit[] witness testimony to
Plaintiff's efforts to demonstrate the applicable preliminary injunction
factors and preclud[e] testimony that seeks to relitigate the underlying
sexual misconduct hearing that led to Plaintiff's suspension." ECF No.
47, PageID.978.

As to the Complainant and Hadaway, Defendants argue that they
possess no information relevant to the question of whether a preliminary
injunction can be granted. *Id.* at PageID.984. Defendants content that
"[s]ubpoenaing Complainant and her roommate serves no legitimate
purpose. Instead, Plaintiff appears to seek their testimony in an attempt
to relitigate the facts surrounding the underlying sexual assault claim."
*Id.* at PageID.985.

As to Davis and Wu, Plaintiff's roommates, Defendants argue that
"Plaintiff's counsel indicated during the meet-and-confer that she intends
to ask questions designed to show that Complainant acted aggressively
towards Plaintiff," which is not a relevant issue to the question of

whether a motion for a preliminary injunction should be granted. *Id.* at PageID.986.

As to Eby, Atwell, and Dr. Shiener, Defendants argue that they "were not involved in the underlying investigation or hearing and lack personal knowledge of those events." *Id.* at PageID.986. Additionally, "none of these individuals would be capable of meaningfully testifying to the facts of the underlying dispute, whether Plaintiff received due process, or whether Plaintiff will be irreparably harmed." *Id.* at PageID.987.

In Plaintiff's response to Defendants' motion, Plaintiff offers no argument as to why the subpoenas served on Complainant and Carly Hadaway should not be quashed, or why the testimony by Complainant, Hadaway, Davis, Wu, Eby, Atwell, and Dr. Shiener should be admitted. ECF No. 49. In fact, the brief does not *mention* the words "subpoena," "Hadaway," "Davis," "Wu," "Eby," "Atwell," and "Dr. Shiener," or any similar names with alternate spellings. *Id.* In fact, the brief presents no argument explaining how these individuals may offer relevant testimony on the limited issue of whether the preliminary injunction should be granted. *Id.*

As to Complainant, Plaintiff argues that her testimony is relevant to the question of whether Complainant would suffer harm if injunctive relief is granted allowing Plaintiff to return to classes on campus. *Id.* at PageID.1002. During the April 9, 2026 hearing, Plaintiff also appeared

to argue that her testimony is relevant to the question of whether Plaintiff received adequate due process.

Additionally, during the April 9, 2026 hearing, Plaintiff stated that they would not call Dr. Shiener, and offered some explanation as to the purported relevance of the testimony of Complainant, Hadaway, Davis, Wu, Eby, and Atwell.

Courts consider four factors when determining whether to grant a preliminary injunction:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Int'l Union of Painters & Allied Trades Dist. Council No. 6 v. Smith*, 148 F.4th 365, 371 (6th Cir. 2025). Thus, the April 10, 2026 motion hearing is limited to these four factors. To be permitted during the hearing, testimony must be relevant to one of these factors. To allow testimony unrelated to these factors would not be a sensible use of the Court's time and resources, or those of the individual who would be testifying.

Regarding the subpoenas sought for the testimony of Complainant, Hadaway, Davis, and Wu, for the reasons below, the Court **GRANTS** Defendants' motion to quash.

7

First, while Complainant's testimony could be relevant to the question of whether she would suffer harm were Plaintiff allowed to return to campus, the Court finds that the evidence in the record is sufficient to allow the parties to argue the merits of this factor without the need for any additional testimony. The parties may reference the testimony from the University's hearing, and other record evidence, in arguing whether Complainant would be likely to suffer some psychological harm if Plaintiff were allowed to return to campus, or whether such harm is not likely to be substantial. And, in any event, to avoid the need to present Complainant's testimony, Defendants agreed during the April 9, 2026 hearing, that if necessary they would stipulate to the fact that the Complainant may not suffer significant harm. Thus, Complainant's testimony will not assist the Court in addressing this factor.

Additionally, as described by Plaintiff, the anticipated testimony of Complainant, Hadaway, Davis, and Wu is not relevant to the question of whether Plaintiff received adequate due process. These students will not be able to testify as to the process challenged by Plaintiff in any way that will add material evidence to the record regarding the nature of the alleged due process violation. While their testimony will add no value to the determination of the preliminary injunction factors by the Court, it would be unduly burdensome to the Complainant and her roommate.

Additionally, the Court notes that Plaintiff has offered no justification in his brief as to why the testimony of these individuals would be relevant. *See* ECF No. 49.

As to Dr. Shiener, Plaintiff stated during the April 9, 2026 hearing that he would not be called to testify. Thus, Defendants' motion to quash his testimony is **DENIED AS MOOT**.

As to Eby and Atwell, Plaintiff stated during the April 9, 2026 hearing that they would be asked to testify as to what process is required to ensure that a disciplinary proceeding effectively and reliably results in an outcome that reflects the truth. Based on this vague assertion, and the fact that Plaintiff's brief provides no justification as to why Eby and Atwell should be called to testify, the Court cannot determine whether their testimony will be helpful to the Court in determining whether a preliminary injunction should be granted. Thus, the Court will take this aspect of Defendants' motion to quash under advisement as to these individuals. During the April 10, 2026 hearing, the Court will determine whether Eby and Atwell should be permitted to testify after receiving a more detailed proffer from Plaintiff as to the subject matter of their proposed testimony.

**SO ORDERED**.

Dated: April 10, 2026          Terrence G. Berg
                                          HON. TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE